UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,           Case No. 19-CR-0205(2) (PJS/LIB)

      Plaintiff,

v.                                          ORDER

KENNETH NICHOLAS ALLERY,

      Defendant.

Jeffrey S. Paulsen, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

John R. Marti, DORSEY & WHITNEY LLP, for defendant.

This matter is before the Court on defendant Kenneth Nicholas Allery's motion to suppress evidence obtained as a result of two search warrants. ECF No. 94. For the reasons that follow, Allery's motion is DENIED.

On November 20, 2019, Magistrate Judge David T. Schultz issued a search warrant authorizing the search of three devices, including a white iPhone that the government attributes to Allery. ECF No. 100-1. On December 18, 2019, Magistrate Judge Katherine M. Menendez issued a second search warrant authorizing the search of the Apple ID account associated with that iPhone. ECF No. 100-2. Because Allery's arguments regarding both warrants are the same, and because the warrants themselves are substantially similar, the Court will address the warrants together.

Allery argues that the warrants lacked particularity, that they were based on evidence that was too stale to support probable cause, and that there was no nexus between evidence of a crime and the items to be searched. The Court evaluates Allery's objections by examining the facts contained within the four corners of the search-warrant applications and affidavits. *See United States v. Etheridge*, 165 F.3d 655, 656 (8th Cir. 1999).

### A. Particularity Requirement

To satisfy the Fourth Amendment's particularity requirement, a warrant "must be sufficiently definite to enable the searching officers to identify the property authorized to be seized." *United States v. Horn*, 187 F.3d 781, 788 (8th Cir. 1999). This requirement guards against the issuance of "general warrants" and helps to ensure that the discretion of law-enforcement officers is appropriately cabined when they execute warrants. *See Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319, 325 (1979). "The particularity requirement 'is a standard of practical accuracy rather than a hypertechnical one.'" *United States v. Summage*, 481 F.3d 1075, 1079 (8th Cir. 2007) (quoting *United States v. Peters*, 92 F.3d 768, 769-70 (8th Cir. 1996)).

The Court finds that both warrants met the particularity requirement. The warrants identified the items to be seized and limited the scope of the seizure to information related to the crimes under investigation. ECF No. 100-1 at 18; ECF

No. 100-2 at 3-6.[1] The descriptions of the items to be seized were "sufficiently definite" to allow investigators to "recognize and seize the materials described," and therefore Allery's particularity challenge is rejected. *Horn*, 187 F.3d at 788.

B. Staleness

Both search warrants were supported by affidavits submitted by Special Agent Nicholas Marshall of the Federal Bureau of Investigation. Allery argues that the facts described in the affidavits were too stale to support a finding of probable cause. The facts to which Allery refers are as follows: On March 26, 2019 Allery and co-defendant Samuel Lamont Seals were arrested following a traffic stop. ECF No. 100-1 at 6-8; ECF No. 100-2 at 16-18. Their vehicle was searched, and law-enforcement officers discovered approximately one and a half pounds of methamphetamine. *Id*. Seals's cell phone was seized at the time of the arrest and later searched pursuant to a warrant. ECF No. 100-1 at 8-9; ECF No. 100-2 at 18-19. The search revealed potentially

---

[1]Specifically, the November 20 search warrant authorized the seizure of all data stored on the iPhone related to drug trafficking, such as contacts, call logs, text messages, photographs, videos, location data, internet logs, internet searches, and data regarding use of applications. ECF No. 100-1 at 18.

The December 18 search warrant initially authorized Apple Inc. to disclose to law enforcement all available information associated with the specified account and generated between January 1, 2019 and the date of the warrant, "including any emails, records, files, logs, or information that has been deleted but is still available to Apple through the date of the execution of the search warrant." ECF No. 100-2 at 2-3. The search warrant then limited the information to be seized by the government to fruits, evidence, and instrumentalities of drug trafficking and related crimes. *Id.* at 5.

incriminating text messages between Seals and a phone number that Seals later identified as belonging to Allery. ECF No. 100-1 at 9-10; ECF No. 100-2 at 19-20.

The vehicle was impounded and, three days later, law-enforcement officers applied for a warrant to search it. ECF No. 100-1 at 9; ECF No. 100-2 at 18-19. The vehicle was searched on April 1, and several devices were seized, including the white iPhone attributed to Allery. *Id*. The iPhone was not immediately searched, but it has remained in the custody of the government since it was seized. ECF No. 100-1 at 4-5, 13; ECF No. 100 at 3.

In mid-November, the government began reviewing recordings of telephone calls that Allery made from jail while in pretrial detention. ECF No. 100 at 4; ECF No. 78 at 2. The government discovered that, during an August 18, 2019 conversation, Allery told an unknown woman that the government had possession of his phone, and that his phone contained potentially incriminating evidence. ECF No. 100-1 at 11-12; ECF No. 100-2 at 21-22. Allery then instructed the woman to remotely erase messages from his phone—that is, to destroy evidence. *Id.* Shortly after listening to this call, the government applied for a warrant to search the devices (including the white iPhone) that had been seized from the impounded vehicle on April 1, 2019.

Allery argues that because the affidavits cited evidence from March and April of 2019, the information was too stale to support a finding of probable cause to search the

white iPhone in November 2019, and the Apple ID account in December 2019. While it is true that "[p]robable cause must exist when a warrant is issued, not merely at some earlier time," *United States v. Jeanetta*, 533 F.3d 651, 655 (8th Cir. 2008), the Court has no trouble concluding that probable cause existed when the warrants were issued. The iPhone had been in law-enforcement custody since it was recovered from the impounded vehicle on April 1, 2019. Allery (who had been in custody since his March 26, 2019 arrest) had no opportunity to alter or delete evidence on the iPhone. In essence, the iPhone had been frozen in time. Moreover, electronically stored information is unlike guns, drugs, or similar tangible items, which can easily be concealed, moved, and destroyed. *See, e.g., United States v. Seiver*, 692 F.3d 774, 777 (7th Cir. 2012) ("'Staleness' is highly relevant to the legality of a search for a perishable or consumable object, like cocaine, but rarely relevant when it is a computer file," as this is "not the type of evidence that rapidly dissipates or degrades."). As many defendants have been disappointed to learn, it is very difficult for a non-expert to delete all traces of messages, emails, and similar electronically stored data from a smart phone or similar device.[2] For these reasons, the Court rejects Allery's staleness argument.

---

[2]The December 18 warrant authorizes the seizure of information that has been deleted, but that is still available to Apple. ECF No. 100-2 at 2.

C. Nexus

Allery next argues that the warrants were not supported by probable cause because Special Agent Marshall's affidavits failed to establish a nexus between the evidence to be seized and the items to be searched. *See Summage*, 481 F.3d at 1078 (probable cause requires a nexus between the evidence sought and the location to be searched). The Court disagrees. The iPhone in question was recovered from the back seat of the vehicle in which Allery was riding at the time of his arrest—a vehicle in which law-enforcement officers found a large quantity of methamphetamine. ECF No. 100-1 at 7-9; ECF No. 100-2 at 17-19. Special Agent Marshall's affidavits explained, based on his training and experience, that people involved in the distribution of narcotics often communicate using cell phones, and that cell phones and associated online accounts can store information related to narcotics sales, communications between co-conspirators, and other evidence of drug trafficking. ECF No. 100-1 at 13; ECF No. 100-2 at 29-31. Moreover, in a recorded telephone conversation, *Allery himself* said that the government had his phone and that the phone contained potentially incriminating information. ECF No. 100-1 at 12; ECF No. 100-2 at 22. The affidavits thus established a clear nexus between the evidence to be seized and the iPhone and Apple ID account to be searched.[3]

---

[3]Given that the Court has found that the search warrants were supported by
(continued...)

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT defendant's motion to suppress evidence obtained as a result of search and seizure [ECF No. 94] is DENIED.

Dated: January 29, 2020

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge

---

[3](...continued)
probable cause, the Court obviously believes that, even if it is incorrect, the evidence derived from the searches would nevertheless be admissible under the good-faith exception to the exclusionary rule. *See United States v. Leon*, 468 U.S. 897, 922 (1984); *United States v. Tellez*, 217 F.3d 547, 550 (8th Cir. 2000).